## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN PAUL JONES, III,<br>          Appellant, | DOCKET NUMBER<br>DE-3330-15-0480-I-1 |
| v. | |
| DEPARTMENT OF HEALTH AND<br>    HUMAN SERVICES,<br>          Agency. | DATE: April 4, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Paul Jones, III, Albuquerque, New Mexico, pro se.

Susan M. Andorfer, Esquire, James E. Simpson, and Sara M. Klayton, Esquire, Washington, D.C., for the agency.

Robert E. Nerthling, II, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which denied corrective action under the Veterans Employment Opportunities Act

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant submitted his application for Vacancy Announcement HHS-SAMHSA-DE-15-1268057, for the position of Lead Public Health Advisor, GS-0685-14. Initial Appeal File (IAF), Tab 12 at 14-47. However, prior to the closing date of the announcement, the agency cancelled the vacancy because the vacancy being advertised "did not in fact exist." *Id*. at 7, 52. After timely filing a complaint and exhausting his remedies with the Department of Labor, the appellant filed the instant appeal challenging his nonselection under VEOA and requested a hearing.[2] IAF, Tab 1.

---

[2] After filing this appeal, the appellant filed a motion alleging that his nonselection constituted a violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333). IAF, Tab 5. This claim was docketed as a separate appeal, *Jones v. Department of Health & Human Services*, MSPB Docket No. DE-4324-15-0496-I-1, which is currently pending before the administrative judge.

¶3   The administrative judge found that there was no genuine dispute of material fact and thus notified the parties that she would decide the appeal without a hearing.  IAF, Tab 15.  She therefore issued her decision based upon the parties' written submissions.    IAF, Tab 18, Initial Decision (ID) at 2.  Specifically, she denied corrective action, finding that, because the agency did not make a selection, the appellant's VEOA rights were not violated.  ID at 3-4.  The appellant has filed a timely petition for review in which he argues that:  (1) he should have been entitled to a hearing; (2) the administrative judge was biased in favor of the agency; (3) the agency discriminated against him based upon age; and (4) the agency may have been untruthful in stating that it did not make a selection.  Petition for Review (PFR) File, Tab 1 at 6, 8, 12, 15.  The agency has responded in opposition to the appellant's petition for review.  PFR File, Tab 3.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶4    First, we find that the administrative judge properly decided the appeal based upon the written record.  The Board's regulations permit the adjudication of a VEOA claim on the merits without a hearing.  5 C.F.R. § 1208.23(b).  The Board has interpreted this regulation as allowing an administrative judge to deny a hearing request in a VEOA case when there is no genuine dispute of material fact and one party must prevail as a matter of law.  *Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 8 (2007).  Here, the agency cancelled the vacancy announcement that is the subject of the appellant's VEOA challenge and never made a selection.  IAF, Tab 12 at 7, 52.  The Board has held that it is within the agency's authority and does not violate an appellant's veterans' preference rights to cancel a vacancy announcement before filling the vacancy.  *See, e.g.*, *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 245, ¶ 29 (2010).  Thus, the agency

must prevail as a matter of law and the administrative judge properly decided this appeal without a hearing.[3]

¶5    Next, we find that the appellant has not demonstrated that the administrative judge was biased. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The appellant's conclusory allegations do not meet this heavy burden. *See Asatov v. Agency for International Development*, 119 M.S.P.R. 692, ¶ 14 (2013) (finding that, where the record merely reflected the appellant's dissatisfaction with the administrative judge's adjudicatory rulings in his VEOA appeal, he did not establish administrative judge bias), *overruled on other grounds by Dean v. Department of Labor*, 122 M.S.P.R. 276 (2015).

¶6    We also find that the appellant's claim of age discrimination does not provide a basis for disturbing the initial decision because the Board lacks jurisdiction to decide claims of age discrimination in a pure VEOA appeal. *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 18 (2006). The appellant's remaining arguments constitute mere disagreement with the administrative judge's findings and conclusions and thus do not provide a basis

---

[3] The appellant generally asserts on review that the agency may have been untruthful in its assertion that it did not make a selection. PFR File, Tab 1 at 15. However, he did not present this assertion below and has not shown that it is based upon new and material evidence. Thus, we do not consider it. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (the Board will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record closed below despite the party's due diligence); 5 C.F.R. § 1201.115(d). Furthermore, even if we did consider this assertion, it would not provide a basis for remanding the appeal for a hearing. This general assertion does not constitute the type of evidence or argument that would support a finding of a genuine dispute of material fact entitling the appellant to a hearing. *See Waters-Lindo v. Department of Defense*, 112 M.S.P.R. 1, ¶ 5 (2009) (a factual dispute is genuine if there is sufficient evidence favoring the party seeking an evidentiary hearing for the administrative judge to rule in favor of that party should that party's evidence be credited).

for disturbing the initial decision.  *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133–34 (1980), *review denied*, 669 F.2d 613 (9th Cir. 1982) (*per curiam*).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.